Read, J.
The only possible'ground upon which this bill could be sustained is, that the assignee of a promissory note, given for the purchase money of land, is clothed with a vendor’s lien. It has been decided, in Townshend v. Carpenter, 11 Ohio, 21, that the assignee of a note, not negotiable, having an equity only, may enforce payment in chancery; but, if negotiable, the holder having the legal interest must sue at law. It is not alleged in the bill, that the note is not negotiable, which is necessary to give equity jurisdiction. The legal holder of negotiable paper can not maintain a bill in chancery and obtain *a decree for the payment thereof, upon the ground that ho desires to subject an equity. In sueh case, judgment must first be [iad at law, and then, under the statute, chancery will aid the execution, by subjecting equitable interests to its satisfaction.
But, in this case, are the complainants aided by the vendor’s lien. This lien results'from the fact that equity holds the vendee clothed with legal title to land, a trustee of the vendor for the payment of the purchase money. Before the legal title passes from the vendor on a contract for the sale of land,'there is no sueh lien. The vendor’s remedy, in such ease, is upon the contract, either to enforce a specific performance of the contract, or in an action at law. The vendor can not compel a relinquishment of the legal title until he clothes himself with equity by the payment of the purchase money. In this ease, Kinsley has not paid the purchase money, and hence has neither the legal nor equitable interest in the land. Hence, Adams holds the full title to the land, both in law and equity. How, then, does this case stand? The complainants hold a note for $400, executed by Kinsley to Adams, and by Adams indorsed or assigned to them, and the complainants have the right to look, for aught that appears, to both Kinsley and Adams for payment. But suppose this note not negotiable, and the complainants obtain a decree against Kinsley for the amount as prayed in the bill — how could this court decree a sale of this land ? All that could be done, would bo to decree Kinsley’s equity in tho land to be sold, when in fact he has no equity in it, because he has not paid up the purchase money. Nor can they claim that they have Adams’ lieu as vendor, because Adams has no sueh lien, *24, 25 because as yet he holds both the legal and equitable interest in the land. The whole case then reduces itself down to this — that the legal holder of a promissory note, given in consideration of a contract for the sale of land, not executed, may file a bill to compel the payee and indorser of such note, to specifically perform such contract, and then subject the interest thus acquired, to the payment of such dote. *This is the whole matter, because this is all, if anything, which-under the facts could be done.
But more, if this case was such that the vendor had a lien, the assignment of a note for the payment'of the purchase money would not carry with it the vendor’s lien. This is personal to the vendor, not capable of assignment or transfer, although it may descend or be devised, as settled in Jackman v. Hallock, 2 Ohio, 313; Tiernan v. Beam, 2 Ohio, 383. Demurrer sustained and bill dismissed.